

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00278-CR

**ROBERT LANCE WATKINS,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2013-284-C1**

## MEMORANDUM  OPINION

The trial court convicted Appellant Robert Lance Watkins of theft of $1,500 or more but less than $20,000 and assessed his punishment at two years' confinement in state jail.  *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2014).  This appeal ensued. We affirm.

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), Appellant's court-appointed appellate counsel filed a brief and motion to withdraw with this Court, stating that her review of the record yielded no grounds of

error upon which an appeal can be predicated.  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.  Counsel has informed this Court that she has:  (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Appellant; and (3) informed Appellant of his right to review the record and to file a pro se response.[1]  *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and Appellant has not filed a pro se response.[2]  *See Schulman*, 252 S.W.3d at 409.

---

[1] The Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'"  *Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] Appellant's counsel states in her motion to withdraw that she provided Appellant a copy of the record.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgment of the trial court is affirmed.

In accordance with *Anders*, Appellant's attorney has asked this Court for permission to withdraw as counsel for Appellant. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also*

---

[3] No substitute counsel will be appointed. Should Appellant wish to seek further review of this case by the Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for

*Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed April 30, 2015
Do not publish
[CR25]



---

discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.